IN THE SUPREME COURT
OF TEXAS

MARTIN SALINAS [illegible] V THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 16 2015
Abel Acosta, Clerk

Dear Clerk

WITH ALL DUE RESPECT TO THIS HONORABLE COURT MAY [illegible] STAMPED [illegible] RECEIVED AND [illegible] TO THIS HONORABLE [illegible] IN THIS CAUSE [illegible]

[illegible] TRIAL COURT [illegible] DISTRICT [illegible]

[illegible] WAS NOT ABLE TO [illegible]

MAY THIS HONORABLE COURT [illegible] NOTICE TO [illegible] HONORABLE [illegible] COURT [illegible] IN THIS CAUSE

R [illegible]
[illegible]

[illegible]
MARTIN SALINAS
[illegible]
[illegible]
[illegible] TEXAS
[illegible]

P.S NOTE.
HARRIS TRIAL COURTS
LETTER, WAS MAIL TO
THE SUPREME COURT
OF TEXAS.

76367

NO:

# IN THE
# SURPEME COURT
# OF TEXAS

EX PARTE
MARTIN, SALINAS
PETITIONER

V.

THE STATE OF
TEXAS
RESPONDENT

FROM THE COURT OF CRIMINAL
APPEALS
WR 73,707-04

ON APPLICATION FOR A WRIT OF HABEAS
CORPUS CAUSE WR 73,707-01. REMAND TO TRIAL
COURT CAUSE No. A06-351 IN THE DISTRICT COURT
OF KERR COUNTY.

# PETITION FOR REVIEW.

MARTIN SALINAS PRO-SE
T.D.C# 1438660
ALLRED UNIT
2101 FM 369, N.
IOWA PARK, TX.
76367

COPY

# IDENTITY OF PARTIES

THE FOLLOW CONSTITUTES A LIST OF ALL PARTIES
THAT WOULD HAVE AN INTEREST ON THE OUTCOME.

PETITIONER:               MARTIN SALINAS               ACTUAL
                                                       PRO-SE


ATTORNEY FOR:     BRUCE   CURRY                         DISTRICT
    STATE         216TH DISTRICT COURT                 ATTORNEY
                  521 EARL GARRETT ST
                  KERRVILLE, TX. 78028


TRIAL JUDGE:      HON. KARL PROHL                       JUDGE
                  198TH JUDICIAL DISTRICT
                  700 MAIN ST
                  KERRVILLE, TX. 78028


HABEAS CORPUS:    HON. ROBERT R. BARTON                 JUDGE
    JUDGE         CIRCUIT JUDGE


RESPONDENT:       THE COURT OF CRIMINAL
                  APPEALS OF TEXAS                      APPEALS
                  P.O. BOX 12308                        COURT
                  CAPITOL STATION
                  AUSTIN, TEXAS.
                            78711



                         I

# TABLE OF CONTENTS

PAGES

IDENTITY OF PARTIES — — — — — — — — — — — — — — I

TABLE OF CONTENTS — — — — — — — — — — — — — II

INDEX OF AUTHORITIES — — — — — — — — — — — III IV

STATEMENT OF THE CASE — — — — — — — — — — — V

STATEMENT OF JURISDICTION — — — — — — — — — VI

ISSUES PRESENTED — — — — — — — — — — — VI

No: WR-73,707-04

    ISSUE 1: THE COURT OF CRIMINAL APPEALS
    ERROR IN DISMISSING SUBSEQ-
    UENT APPLICATION 11.07 HABEAS
    CORPUS, UNDER NEWLY DISCOVERED
    EVIDENCE, (SEE-APPENDIX-D))

    ISSUE 2: THE COURTS NEGLIGENCE RULING:
    ERROR IN DENIING CASE No: WR-73,707-01
    INEFFECTIVE ASSISTANCE OF COUNSEL
    THE FINDINGS AND CONCLUSION OF FACTS
    ARE "NOT" SUPPORTED BY THE RECORD)
    (SEE-APPENDIX-E)

    ISSUE 3: THE HABEAS COURT VIOLATED THE DUE
    PROCESS. THE RECORD CONTRADICTS THAT
    MR. ELLISON WAS CO-COUNSEL, AND DID NOT
    TAKE TRIAL ATTORNEY'S TESTIMONY AT ALL
    TO DELITED THE INEFFECTIVE ASSISTANCE
    OF COUNSEL CLAIM. (SEE-APPENDIX-F)

    ISSUE 4: FUNDAMENTAL CONSTITUTIONAL RIGHT TO TESTIFY.

STATEMENT OF FACTS — — — — — — — — — 1 - 3

SUMMARY OF THE ARGUMENT — — — — — — 4 - 7

ARGUMENT AND AUTHORITIES — — — — — — 8 - 14

PRAYER FOR RELIEF — — — — — — — — 14

CERTIFICATE OF SERVICE — — — — — — — 15

APPENDIX — — — — — — — — A THRU F

II

# INDEX OF AUTHORITIES

PAGES

## CASES

COLEMAN-V-THOMPSON, 501 U.S. 722, 749-50 (1999) - - - - - -- 13

EX PARTE CANADA, 754 S.W. 2d. 660 (TEX. CRIM. APP. 1988) - - - - 4

EX PARTE EDMOND, LELLY, JR, 656 S.W. 2d 490 (TEX. CRIM. APP. 1983) - - 9

EX PARTE LEMKE, 13 S.W. 3d 791 (TEX. CRIM. APP. 2000) - - - - - 1,9,12

EX PARTE MENCHACA 854 S.W. 2d 128 (TEX. CRIM. APP. 1993) - - - - 10

EX PARTE SCOTT, 505 S.W. 2d. (TEX. CRIM. APP. 1974) - - - - 13

EX PARTE TORRES, 943 S.W. 2d 469 (TEX. CRIM. APP. 1997) - - - - 7

EX PARTE VARELAS, 45 S.W. 3d. 427 (TEX. CRIM. APP. 2001) - - - - 6

HAARINGTON-V-RICHTER, 131 S.CT. 770, 785 (2011) - - - - - 8

PURKETT-V-ELEM, 514 U.S 765, 769, 115 S.CT. 1769 (1995) - - - 9

RAMSEYER-V-WOOD, 64 F.2d 1432, 1434 (9TH CIR. 1995) - - - - 14

RODRIGUEZ, 77 S.W. 3d 459 (TEX. APP.-CORPUS-CHRIST 2002) - - - - 8

ROMPILL-V-BEARD, 125 S.CT. 2456 (2005) - - - - - 4

ROUSAN-V-ROPER, 436 F.3d 951, 956 (8TH CIR. 2006) - - - 8

SMITH-V-DRETKE, 417 F.3d 438 (5TH CIR. 2005) - - - - 11

STANLEY-V-BARTLEY, 465 F.3d 810 (7TH CIR. 2006) - - - - 9

STRICKLAND-V-WASHINGTON, 104 S.CT 2052 (1984) - - - - 1,3,4,7,11,14

UNITED STATES-V-GRAMMAS, 376 F.3d 433, 436 (5TH CIR. 2004) - - 11

WHITE-V-ROPER, 416 F.3d 728 (8TH CIR. 2004) - - - - 14

WILLIAM, 529 U.S. AT 405-06 - - - 13

WILSON-V-MAZZUCA, 570 F.3d 490 (2ND CIR. 2009) - - - 13.

## STATUTES AND OTHER AUTHORITIES
### TEXAS CONSTITUTION

ART. 1 - - - - - - - 10

ART. 13 - - - - - - 10

ART. 19 - - - - - 10

ART. 11.07 - - - - - II, 3, 12

ART. 22.001 (A) (2) - - - - VI

ART. 22.001 S & 3 (A) - - - - VI

ART. 112 - - - - - 10

ART. IV - - - - - IV

APPEAL AND ERROR - 1082(1) - - - - VI

# UNITED STATES CONSTITUTION

PAGES

FIFTH AMENDMENT — — — — — — — — — — — — — — — — — — — — — — — — VI, 5

SIXTH AMENDMENT — — — INEFFECTIVE ASSISTANCE OF COUNSEL — — — — — — — — — VI, 10, 12, 14

FOURTEENTH AMENDMENT — — — — — — — — — — — — — — — — — — — — — — VI, 10

28 U.S.C.A. § 2254 (D) — — — — — — — — — — — — — — — — — — — — — 8

CONSTITUTIONAL LAW — 268 (5) — — — — — — — — — — — — — — — — — 13

DUE PROCESS — — — — — — — — — — — — — — — — — — — — — V, VI, 3, 10

STATUS QUO — — — — — — — — — — — — — — — — — — — — — — — — 12

## OTHER AUTHORITIES

HABEAS CORPUS — 864 (7) — — — — — — — — — — — — — — — — — — — — 4, 9

HABEAS CORPUS — 441 — — — — — — — — — — — — — — — — — — — — — 9

HABEAS CORPUS — 641.13 (1) — — — — — — — — — — — — — — — — — — 10

HABEAS CORPUS — 641.13 (5) — — — — — — — — — — — — — — — — — — 12

HABEAS CORPUS — 664 (7) — — — — — — — — — — — — — — — — — — — 8

HABEAS CORPUS — 665.1 — — — — — — — — — — — — — — — — — — — — 9

HABEAS CORPUS — 794 (1) — — — — — — — — — — — — — — — — — — — 12

HABEAS CORPUS — 898 (3) — — — — — — — — — — — — — — — — — — — 9, 12

CUMULATIVE ERROR — — — — — — — — — — — — — — — — — — — — — — 14

WITNESSES — — — — — — — — — — — — — — — — — — — — — — — — — VI

IV

# STATEMENT OF THE CASE

**NATURE OF THE CASE:** A PLEA OFFER THAT WAS NOT COMMUNICATED TO PETITIONER DURING TRIAL. AND WAS NOT AWARE, UNTIL THE HEARING ~~COURT~~. COURT OF CRIMINAL APPEALS DISMISSAL WITHOUT WRITTEN ORDER 11.07 HABEAS CORPUS APPLICATION CASE NO. WR-73,707-04 UNDER NEWLY DISCOVERED EVIDENCE. AND THE FINDINGS AND CONCLUSION OF HABEAS COURT ARE NOT SUPPORTED BY THE RECORD IN CASE NO. WR-73,707-01 DENIED PETITIONER DUE PROCESS AND VIOLATION OF THE 6TH AMENDMENT OF THE CONSTITUTION. RECONSIDERATION DENIED - MAY 22, 2015
( SEE-APPENDIX D)

**COURT OF CRIMINAL APPEALS:** DISMISSAL CASE NO. WR-73,707-04/ AND DENIED CASE NO. WR-73-707-01 WITHOUT REVIEWING THE CASE. 8-29-10

**TRIAL COURT:** THE HON. PROHL 198TH JUDICAL DISTRICT ENTERED JUDGEMENT, PETITIONER WAS TRIED BY JURY AND CONVICTED, SENTENCE TO 60 SIXTY YRS. T.D.C. FOR AGGRAVATED ASSAULT. NO. A06-351

**COURT OF APPEALS:** FOURTH COURT OF APPEAL, SAN ANTONIO AFFIRED JUDGEMENT ON SEPT. 10, 2008 CASE NO. 04-07-00492-CR.

THE COURT OF CRIMINAL APPEALS REFUSE DISCRETIONARY APRIL, 29, 2009. CASE NO. PD-1465-08

FILE: 11.07 HABEAS CORPUS APPLICATION. FEB. 22, 2010

THE COURT OF CRIMINAL APPEAL REMANDED CASE TO TRIAL COURT ON APRIL 28, 2010 (SEE APPENDIX-A) TO HOLD HEARING ON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

**DISPOSITION:** HEARING WAS HELD ON JUNE 24, 2010

THE COURT OF CRIMINAL APPEALS DENIED WITH OUT WRITTEN ORDERS ON THE FINDINGS OF THE HABEAS COURT ON SEPT. 29, 2010. (SEE APPENDIX (B))

THE FACTS CONTRADICTS THE FINDINGS AND CONCLUSION OF THE HABEAS COURT. AND THE OMISSION OF TRIAL ATTORNEY AND ~~REFUSE OF~~ HER TESTIMONY BY HABEAS JUDGE IS A VIOLATION OF DUE PROCESS, THAT SHE DID NOT COMMUNICATE A PLEA OFFER TO PETITIONER.

V

COURT HAS JURISDICTION PURSUANT TO SECTION 22.001 (A)(2) AND 22.001 § 3 (A) (B) GOVERMENT CODE. APPEAL AND ERROR - 10820)

## ISSUES PRESENTED

**ISSUE 1:**
SEE-APPENDIX D

THE COURT OF CRIMINAL APPEALS ERRED IN DISMISSING SUBSEQUENT HABEAS CORPUS APPLICATION, UNDER NEWLY DISCOVERED EVIDENCE. THE EVIDENCE WAS OMITTED AT THE HEARING BY TRIAL ATTORNEY, THAT SHE DID NOT COMMUNICATE A PLEA OFFER TO PETITIONER DURING TRIAL.

**ISSUE 2:**
SEE-APPENDIX E

THE COURT'S NEGLIGENCE RULEING:
THE COURT OF CRIMINAL APPEALS ERRED IN DENIEING CASE NO: WR-73-707-01 INEFFECTIVE ASSISTANCE OF COUNSEL. THE TESTIMONY SHOWING THAT THE FINDING AND, CONCLUSION ARE "NOT" SUPPORTED BY THE FACTS ON THE RECORD.

**ISSUE 3:**
SEE APPENDIX F.

THE HABEAS COURT VIOLATED THE DUE PROCESS: MR. ELLISON WAS NOT PETITIONERS ATTORNEY, NOR WAS HE EVER APOINTED BY THE TRIAL COURT TO REPRESENT PETITIONER. THE HABEAS JUDGE REFUSING TO CONSIDER TRIAL ATTORNEY TESTIMONY AT ALL TO DECIED THE INEFFECTIVE CLAIM, THAT WAS ORDERED BY THE COURT OF CRIMINAL APPEALS ON REMANDED IN CASE NO: WR-73, 707-01 INEFFECTIVE ASSISTANCE OF COUNSEL. "INTER ALIA"!

WITNESSES - 88

**ISSUE 4:** CRIMINAL DEFENDANT HAS FUNDAMENTAL CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OR HER OWN BEHALF AT TRIAL. U.S. C.A. CONST. AMEND. 5, 6, 14.



VI

COURT OF CRIMINAL APPEALS IN CASE No. WR-73,707-01 CORRECTLY STATED THE NATURE OF THIS CASE ON REMANDED TO THE TRIAL HABEAS COURT, PETITIONER CONTENDS THAT HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BECAUSE, INTER ALIA, SHE PREVENTED HIM FROM TESTIFYING IN HIS DEFENSE AND DID NOT ADEQUATELY INVESTIGATE THE CASE. (SEE-APPENDIX-A)

APPLICANT HAS ALLEGED FACTS THAT, IF TRUE, MIGHT ENTITLE HIM TO RELIEF. STRICKLAND-V-WASHINGTON, 466 U.S. 608 (1984); EX PARTE LEMKE, 13 Sw. 3d 791, 795-96 (TEX CRIM. APP. 2000). IN THESE CIRCUMSTANCES, ADDITIONAL FACTS ARE NEEDED. (SEE-APPENDIX-A)

ON JUNE 24, 2010 A HEARING WAS HELD AND PETITIONER'S TRIAL ATTORNEY TESTIFIED THAT SHE VIOLATED PETITIONER'S RIGHTS TO TESTIFY AND THAT IN FACT SHE WAS INEFFECTIVE ASSISTANCE OF COUNSEL AT PETITIONER'S TRIAL. SEE-HABEAS HEARING TRANSCRIPT. THE ISSUE OF THE NEWLY "ERRORS OF OMISSION AND ERRORS OF COMMISSION" AT THE BENCH (EV. H. P. 124-125). (SEE. APPENDIX-D, HEARING TRANSCRIPT)

MR. STEADMAN: THERE IS ONE ISSUE THAT I THOUGHT WE NEED TO ADRESS.

THE REPORTER: YOU WANT THIS ON THE RECORD?

THE COURT: YES, I GUESS SO YES. GO AHEAD. THE HEARING WILL RESUME. COUNSEL.

MR. STEADMAN: YES SIR. WHEN I FIRST GOT APPOINTED TO THIS ABOUT A MONTH AGO I WENT OVER AND TALKED TO MR. CURRY (DISTRICT ATTORNEY) CERTAIN ISSUES WHICH WERE COMING UP IN ONE OF THE CONVERSATIONS I HAD WITH MS. PEARSON (TRIAL ATTORNEY) SHE RELAYED TO ME THAT A PLEA OFFER HAD BEEN MADE BUT THAT IT WAS DURING

1.

...COMMUNICATE IT TO MR. SALINAS BECAUSE ...WOULDN'T ACCEPT IT. NOW MR. CURRY TOLD ME THAT ...PEARSON TOLD HIM THE SAME THING. BASED UPON THAT I THINK MR. CURRY --- AND THAT'S WHY MRS. WILKE (ASSIST. DIST. ATTORNEY) SHE'S AVAILABLE TO TESTIFY. AND TO MAKE A LONG STORY SHORT, I THINK IT IS A MOOT POINT. BUT THERE IS A DIFFERENCE OF OPINION AS TO WHETHER OR NOT THAT ACTUALLY OCCURRED AT TRIAL. MR. CURRY AND I BOTH AGREED THAT EVEN THOUGH IT'S NOT PART-- SPECIFICALLY THE APPLICATION PROCESS, BECAUSE IT WASN'T KNOWN AT THE TIME IT-- IT GOES INTO WHETHER BECAUSE ---

THE COURT: "EXCUSE ME, IT WASN'T KNOWN BY WHOM?"

MR. STEADMAN: IT WASN'T KNOWN BY -- MY CLIENT DIDN'T REALIZE UNTIL AFTER SPEAKING WITH MS. PEARSON AFTER GETTING BACK HERE THAT THAT ISSUE HAD COME UP. AND -- BUT IT IS A MOOT ISSUE I CAN PUT MY CLIENT ON FOR THAT BRIEF PURPOSE, BECAUSE THE STATE THROUGH MR. GRAY RE-OFFERED. BECAUSE THE REMEDY IN THAT CASE IS AN OFFER -- IF A PLEA OFFER IS NOT COMMUNICATED TO THE DEFENDANT THE REMEDY IS TO REVERSE THE CASE AND REINSTATE THE PLEA OFFER. MR. CURRY SPOKE TO MR. GRAY AND ACTUALLY REINSTATED THE PLEA OFFER BEFORE WE STARTED THESE PROCEEDING.

THE HABEAS JUDGE REFUSED TO CONSIDER THIS OMISSION BY PETITIONER TRIAL ATTORNEY OR ANY TESTIMONY OF MS. PEARSON (TRIAL COUNSEL) THAT SHE VIOLATED PETITIONER'S RIGHT TO TESTIFY OR ANY OTHER EVIDENCE OF FACTS THAT WAS PRESENTED AT THE HABEAS HEARING. NONE AT ALL.

THE HABEAS JUDGE MADE HIS FINDING AND CONCLUSION ON MR. ELLISON'S TESTIMONY ALONE. THAT WAS NOT PETITIONER'S ATTORNEY AT HIS TRIAL. THE FACTS IN THE RECORDS SHOW

2.

...ous FROM THE TESTIMONY THAT SOME INJURY ...ALINA'S HABEAS HEARING, FINDING AND CONCLUSION PARTICULARY FINDING OF FACT (A.) INEFFECTIVE ASSISTANCE OF COUNSEL. (1) PREVENTING APPLICANT FROM TESTIFYING. (SEE-APPENDIX-B)

AT THE REQUEST OF APPLICANT'S TRIAL ATTORNEY, AN ATTORNEY WITH GREATER EXPERIENCE AS A CRIMINAL DEFENSE ATTORNEY ASSISTED APPLICANT'S TRIAL ATTORNEY DURING TRIAL. (SEE-APPENDIX-B)

THIS GREATER EXPERIENCE ATTORNEY MR. ELLISON WAS NOT APPOINTED TO REPRESENT PETITIONER OR WAS HE CO-COUNSEL. AND WAS SUSTAINED FROM THE TRIAL HABEAS JUDGE ON THE RULING. (EV.H. P. 138) STATE QUESTIONING TRIAL ATTORNEY MS. PEARSON. (SEE APPENDIX-F)

Q- THEN WE HAD -- WE -- YOU DID HAVE CO-COUNSEL?

MR. STEADMAN: YOUR HONOR, I'M GOING TO OBJECT. MR. ELLISON WAS NEVER OFFICIALLY APPOINTED AS CO-COUNSEL, AND HE SAID HE APPEARED AS A MENTOR. I MEAN I THINK IT NEEDS TO BE DEFINED FOR WHAT IT WAS. (SEE APPENDIX-F)

THE COURT: THE OBJECTION IS SUSTAINED WITH REFERENCE TO THE WORD MR. ELLISON BEING CO-COUNSEL.

THE COURT OF CRIMINAL APPEALS DENIED PETITIONER'S 11.07 HABEAS CORPUS APPLICATION ON THE TRIAL COURT'S HABEAS FINDING AND CONCLUSION WITHOUT WRITTEN ORDER. AND DISMISSING HABEAS CORPUS, CASE NO. 73,707-01 / HABEAS, CORPUS APPLICATION NO. WR-73,707-04

THE HABEAS JUDGE VIOLATED DUE PROCESS BY REFUSING TO CONSIDER (TRIAL ATTORNEY) MS. PEARSON'S TESTIMONY AND MADE AN ERROR IN DENYING THE INEFFECTIVE ASSISTANCE CLAIM STRICKLAND-V-WASHINGTON, 104 S.CT. 2052 (1984.) ON ALL THE FACTS THAT ARE ON RECORD TO SUPPORT PETITIONER'S 11.07 HABEAS CORPUS APPLICATION IN CASE NO. WR-73,707-01 FACTS THAT WHERE OVER LOOKED BY COURT OF CRIMINAL APPEALS.

3.

THE COURT OF CRIMINAL APPEALS COMMETTED ERROR IN PETITIONER'S CASE BY NOT ADRESSING THE SUBSEQUENT 11.07 HABEAS APPLICATION, BECAUSE THE EVIDENCE THAT WAS OMETTED OF PLEA OFFER NOT BEING COMMUNICATED AND THE OTHER OMESSION BY TRIAL ATTORNEY WAS IN FACT A VIOLATION OF THE 6TH AMENDMENT, AND THE HABEAS COURT NOT EVEN CONSIDERING THE RELEVANT EVIDENCE, TO THE ALL READY REMANDED CASE, THAT WAS ORDER BY COURT OF CRIMINAL APPEALS. WHETHER TRIAL COUNSEL ADVISED PETITIONER OF HIS RIGHT TO TESTIFY ON HIS OWN BEHALF, AND IF SO, WHETHER SHE PREVENTED HIM FROM EXERCISING THAT RIGHT. IF THE TRIAL COURT FINDS PETITIONER'S RIGHT TO TESTIFY IN HIS DEFENSE WAS VIOLATED THE TRIAL COURT SHALL DETERMINE WHETHER THIS VIOLATION PREJUDICED THE DEFENSE. (SEE-APPENDIX-A) STRICKLAND-V-WASHINGTON, 466 U.S. 608 (1984).

THE TRIAL COURT SHALL MAKE SPECIFIC FINDING OF FACT AS TO WHETHER TRIAL COUNSEL FAILED TO DISCOVER AND PRESENT EVIDENCE SUPPORTING PETITIONER'S THEORY OF THE CASE. THIS COURT SHOULD GRANT REVIEW AND HOLD A HEARING AND REVIEW THE EVIDENCE OF THE TESTIMONY AS A WHOLE. THE COURT OF CRIMINAL APPEALS NOT REVIEWING THE HEARING TRANSCRIPT CONSTITUTES NEGLIGIENCE ON THERE PART, AND DENIING HABEAS CORPUS APPLICATION ON THE FINDINGS AND CONCLUSION OF THE HABEAS TRIAL COURT THAT WAS HELD JUNE 24, 2010.

HABEAS CORPUS - 44, 864 (7)

MORE OVER, THE EVIDENCE CONTRADICTS THE HABEAS JUDGE'S FINDINGS THAT PETITIONER AGREED NOT TO TESTIFY ON HIS BEHALF. HABEAS CORPUS IS AVAILABLE ONLY TO REVIEW JURISDICTIONAL DEFECTS, OR THE ERROR IS OF CONSTITUTIONAL DEMENSION TRADITIONALLY "HOWEVER" THE DIENIAL OF FUNDAMENTAL OR CONSTITUTIONAL RIGHTS MUST HAVE OCCURED DURING THE UNDERLYING STATE CRIMINAL PROCEEDING.

EX PARTE CANADA, 754 SW. 2d 660 (TEX. CRIM. APP. 1988), ROMPILL-V-BEARD, 125 S.CT. 2456 (2005)

4

...ATION OF THE FACTS TO SUPPORT APPLICANT'S 11.07 AN ...INAL OR SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS MUST STATE "SPECIFIC, PARTICULERIZED FACTS" WHICH IF PROVEN TRUE WOULD ENTITLE PETITIONER TO HABEAS RELIEF. (EV. H. P. 110-112?

( TRIAL COUNSEL MS. PEARSON TESTIMONY )

Q - OKAY, IN FACT, AS MR. ELLISON TESTIFIED, ONE OF THE REASON'S SUPPOSEDLY MR. SALINAS WAS ADVISED NOT TO TESTIFY WAS BECAUSE OF HIS CONNECTION IN THE MEXICAN MAFIA.

A - CORRECT.

Q - BUT THE FACT TO THE ISSUE OF HIS MEMBERSHIP IN THE MEXICAN MAFIA DID COME OUT IN TRIAL, DID IT NOT?

A - IT DID.

Q - SO WITH REGARDS TO HIM TESTIFYING, ISN'T TRUE THAT MR. SALINAS HAD BASICALLY INSISTED ON TESTIFYING?

A - I WOULD HAVE TO AGREE WITH THAT.

Q - OKAY - AND ISN'T IT TRUE THAT YOU ALL DID NOT ALLOW MR. SALINAS TO TESTIFY?

A - THE CONVERSATION THAT MR. ELLISON SAID THAT HE HAD HERE WITH MARTIN ABOUT TESTIFING I DO NOT RECALL THAT CONVERSATION I SIMPLY DO NOT.

Q - YOU DON'T RECALL WHETHER THAT CONVERSATION TOOK PLACE?

A - NO - BETWEEN MR. MARTINEZ AND MR. ELLISON I DO NOT.

Q - SO WHAT I WANT TO DO IS THE APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS YOU HAD WRITTEN A LETTER TO HIM BASED UPON HE HAD - HE HAD WRITTEN A LETTER TO YOU REQUESTING WHY HE HADN'T BEEN GIVEN THE OPPORTUNITY TO TESTIFY. ISN'T THAT CORRECT?

A - CORRECT.    ( U.S.C.A. CONST. AMEND. 5, 6 14.
              FUNDAMENTAL RIGHT TO TESTIFY. )

5

... IT TRUE THAT AN NO POINT DURING THE TRIAL, AT LEAST ... R AWARE OF, DID HE EVER CONSENT NOT TO TESTIFY?

. NOT TO ME.

Q- OKAY, SO WOULD YOU AGREE WITH ME THAT YOU—- OR LET ME JUST ASK THIS QUESTION, DID YOU UNILATERALLY MAKE THE DECISION THAT HE WASN'T GOING TO TESTIFY WITHOUT CONSULTING HIM DURING TRIAL?

A- NO, I KNOW THAT RICK AND I TALKED ABOUT IT.

Q- OKAY. DID RICK TELL YOU THAT MARTIN HAD TOLD HIM THAT HE WANT TO TESTIFY.

A- I JUST DON'T REMEMBER THAT CONVERSATION.

Q- BECAUSE BASED UPON THIS LETTER IT APPEAR'S AS THOUGH AS TRIAL COUNSEL Y'ALL MADE A DECISION NOT TO ALLOW HIM TO TESTIFY WOULD YOU AGREE WITH ME.

A- I KNOW I DIDN'T WANT HIM TO TESTIFY. I REALLY CAN'T TELL YOU THE EXACT WORDS THAT WERE SAID I KNOW THATS IMPORTANT, BUT I JUST SIMPLY CAN'T REMEMBER, IT.

EV. H. P. 123
( MS. PEARSON TESTIMONY TO SUPPORT PETITIONERS (11.07 APPLICATION)

Q- OKAY - DO YOU FEEL THAT HIS RIGHT TO TESTIFY IN HIS OWN, BEHALF DEFENSE WAS VIOLATED?

A - NO RESPONSE,

Q - I'M NOT ASKING BASED ON WHAT MR. ELLISON SAID?

A - NO - I KNOW.

Q - AND I'M ASKING BASED ON WHAT YOU KNOW?

A - I KNOW. AND AS I LOOK BACK ON IT NOW. "YES."

Q - DO YOU FEEL THAT BASED UPON THE INFORMATION THAT WAS AVAILABLE ONLY TO YOU THAT WHETHER OR NOT HIS RIGHT TO TESTIFY ON HIS BEHALF THAT YOU PREVENTED HIM FROM DOING SO.?

A - "YES"  STRICKLAND-V-WASHINGTON, 104 S.CT. 2054 (1984).

EX PARTE TORRES, 943 SW. 2d. 469 (TEX. CRIM APP 1997).

"FACTS THAT ARE NOT SUPPORTED BY THE HABEAS COURTS"

7

...you WROTE TO HIM DATED SEPTEMBER 3RD, AND ... IN THE APPLICANT'S APPLICATION, YOUR HONOR, AS AN EXHIBIT EXHIBIT (B) IN THAT LETTER, ONE, YOU TELL HIM THAT HE SHOULD FILE INEFFECTIVE ASSISTANCE OF COUNSEL AS A REMEDY.

A - YES

Q - BECAUSE YOU FELT THAT YOUR PERFORMANCE WAS DEFICIENT?

A - UH-HUH.

Q - YOU FELT YOU WERE INEFFECTIVE AND FELT INEFFECTIVE ASSISTANCE OF COUNSEL. THAT HAD YOU NOT BEEN INEFFECTIVE, THAT THE OUTCOME WOULD HAVE BEEN DIFFERENT?

A - I PERSONALLY FELT THAT WAY.

Q - OKAY AND IN THAT LETTER YOU SPECIFICALLY STATED TO HIM HAD I QUOTE. "I DID NOT WANT YOU TO TESTIFY ON YOUR OWN BEHALF BECAUSE ONCE YOU ARE ON THE STAND THE DISTRICT ATTORNEY AND ANY ONE ELSE CAN QUESTION YOU ABOUT WHATEVER THEY CHOOSE. YOU AND I COULD HAVE DISCUSSED MY QUESTION AND ANSWERS. HOWEVER, WE COULD NOT HAVE PREPARED EFFECTIVELY FOR ONSLAUGHT OF QUESTIONING FROM THE PROSECUTER
( MORE OF MS. PEARSON TESTIMONY Ev. H. P. 113-116)
(SEE APPENDIX-E, HEARING TRANSCRIPT)

Q - RIGHT -- AND YOU SAID "I DO NOT WANT YOU TO TESTIFY ON YOUR OWN, BEHALF BECAUSE ONCE YOU ARE ON THE STAND THE DISTRICT ATTORNEY AND ANY ONE ELSE CAN ASK YOU WHATEVER THEY CHOOSE, YOU AND I COULD HAVE DISCUSSED MY QUESTIONS AND ANSWERS?

A - UH-HUH

Q - SO WHAT THAT INFERS TO -- AT LEAST DURING THE TRIAL YOU NEVER DISCUSSED HIS RIGHT TO TESTIFY WITH HIM?

A - I DID NOT. NO.

Q - OKAY. AND IN FACT PRIOR TO TRIAL HE HAD EXPLAINED TO YOU THAT HE WANTED TO TESTIFY?

A - YES, I DO RECALL THAT.

EX PARTE VARELAS, 45 SW. 3d. 427 (TEX. CRIM. APP. 2001)

6

# ARGUMENT AND AUTHORITIES

THIS COURT SHOULD GRANT REVIEW TO CORRECT THE TRIAL HABEAS COURT'S FINDINGS AND CONCLUSION, AND THE ERRONEOUS FAILURE OF THE COURT OF CRIMINAL APPEALS NOT REVIEWING THE HEARING TRANSCRIPT AS A WHOLE.

HABEAS CORPUS-664.7

A. [SALINAS] WAS INFORMED OF HIS RIGHT TO TESTIFY IN HIS OWN DEFENSE, AND THAT IT WAS HIS DECISION WHETHER TO TESTIFY. [SALINAS] DECIDED NOT TO TESTIFY. SEE APPENDIX-B (A-1)

"THE STATE HABEAS TRIAL COURT'S FACTUAL FINDINGS AND CONCLUSION OF LAW ARE "OBJECTIVELY UNREASONABLE". ROUSAN-V-ROPER, 436 F.3d 951, 956 (8TH CIR 2006). WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE RECORD BEFORE THE STATE COURT." HARRINGTON-V-RICHTER, 131 S.CT. 770, 785 (2011). 28 U.S.C.A. § 2254 (D).

THE STATE HABEAS TRIAL COURTS ONLY CONSIDERED MR. ELLISON'S TESTIMONY. THE FACTUAL FINDINGS WHERE MADE SOLEY ON HIS TESTIMONY ALONE. MR. ELLISON WAS NOT PETITIONER'S ATTORNEY. FURTHER MORE THE RECORD STATES IN MR. ELLISON OWN WORDS, AND TRIAL ATTORNEY (MS. PEARSON) DID NOT REQUEST TO THE COURTS OR NEVER ASK THE COURT THAT SHE NEEDED ASSISTANCE AN ATTORNEY WITH GREATER EXPERIENCE. (EV. H. P. 29)

Q- AND BY YOUR OWN ADMISSION, RICHARD, YOUR ROLE WAS LIMITED BASED ON WHAT THE TRIAL COURT WAS DOING BECAUSE JUDGE PRUILL WASN'T LETTING YOU FULLY PARTICIPATE AT TRIAL CORRECT.?

A- YES, THAT'S CORRECT.

Q- AND SO YOU WERE JUST HELPING OUT WHEN YOU COULD?

A- RIGHT. I WAS MAINLY THERE FOR MORAL SUPPORT.

Q- RIGHT, BUT I MEAN THE COURT MADE IT VERY CLEAR THEY WEREN'T GOING TO ALLOW YOU TO PARTICIPATE?

A- THAT'S TRUE. RODRIGUEZ, 77 SW 3d 459 (TEX-APP-CORPUS-CHRISTY 2002) (SEE: APPENDIX.F).

8

...[?] IS NOT WHETHER PETITIONER IS INNOCENT, BUT IF HE HAD HAD A COMPETENT LAWYER HE WOULD HAVE HAD A REASONABLE CHANCE AT HIS TRIAL. STANLEY-V-BARTLEY, 465 F.3d 810 (7TH CIR 2006).

HABEAS CORPUS-665.1, 898 (3)     HABEAS CORPUS-441, 864 (7)

AN ORIGINAL OR SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS MUST STATE "SPECIFIC" PARTICULARIZED FACTS WHICH IF PROVEN TRUE, WOULD ENTITLE PETITIONER TO HABEAS RELIEF. EX PARTE LEMKE, 13 SW.3d. 791 (TEX. CRIM. APP. 2000).

THE "RECORD" IN THIS CASE SHOW THAT THE TIME OF THE TRIAL ELLISON KNEW NOTHING OF THE FACTS OF THE CASE, AND NOT CONSULTED WITH PETITIONER ABOUT THE CASE, DIDN'T REVIEW THE PROSECUTING ATTORNEY'S FILES AND DONE NO INDEPENDANT INVESTIGATION NOR PREPARATION FOR TRIAL.

THE EVIDENTIARY HEARING TRANSCRIT REINFORCES ELLISON'S TESTIMONY THAT HE WAS TOTALLY UNFAMILAR WITH THE FACTS, DURING TRIAL. MR. ELLISON "WAS NOT" PETITIONER'S ATTORNEY, EX PARTE EDMOND LILLY, 656 SW. 2d 490 (TEX. CRIM. APP. 1983). IN THIS CASE IT WAS APPLICANTS FOURTH 11.07 HABEAS CORPUS.

THE STATE HABEAS TRIAL COURTS FINDINGS "ARE NOT" SUPPORTED IN ANY WAY BY THE RECORD. PURKETT-V-ELEM, 514 U.S. 765, 769, 115, S.CT. 1769 (1995).

THE MOST "CONTRADICTING FACTS" ON RECORD, WHERE THE STATE HABEAS JUDGE ASK THE TRIAL ATTORNEY MS. PEARSON QUESTIONS (THE COURT E.H. P. 181-182)

Q- I THINK YOU WERE ASKED SUBSEQUENTLY, WHETHER YOU PROHIBITED THE DEFENDANT FROM TESTIFYING AND I THINK YOU ANSWERED AFFIRMATIVELY, BUT AGAIN, I NEED TO KNOW.

A- BECAUSE I "DIDNOT" CALL HIM TO THE STAND I'M THE ONLY ONE THAT COULD HAVE DONE THAT, THEN I DID PROHIBIT, HIM FROM TESTIFING. HE COULDN'T HAVE GOT UP THERE ANY OTHER WAY.

9

...THINK YOU HAVE TESTIFIED THAT YOU HAVE NO RECOLLEC-...OF THE TESTIMONY THAT MR. ELLISON GAVE ABOUT HIS DISCU-...SSING IT WITH MR. SALINAS AND THEN YOU'RE AGREEING WITH HIS RECOMMENDATION THAT HE NOT TESTIFY?

A - I REMEMBER MR. ELLISON AND I TALKING ABOUT IT MR. ELLISON WAS SEATED RIGHT NEXT TO MR. SALINAS DURING THE TRIAL. AND IF THEY DISCUSSED THAT, I "DID NOT HEAR IT". MR. ELLISON AND I DID IN FACT TALK ABOUT IT AND AGREED THAT IT ABSOLUTELY...

Q - SO YOU HAD CONCURRED.

A - YES.

Q - WITH THE ADVICE HE GAVE-

A - YES.

Q - THE APPLICANT THAT HE SHOULDN'T TESTIFY?

A - YES WITH MR. ELLISON I DID.

AS THE JUSTICE CAN SEE THE LAST QUESTION FROM THE JUDGE WAS A "TRICK" QUESTION; EX PARTE MENCHACA, 854, SW. 2d. 128 (TEX. CRIM. APP. 199...

"FACTS ARE NO WHERE IN HER (MS. PEARSON TRIAL ATTORNEY) DID SHE TESTIFIED THAT SHE WAS PRESENT AND THAT PETITIONER AGREED NOT TO TESTIFY.

A CRIMINAL DEFENDANT HAS A FUNDAMENTAL CONSTITUTIONAL RI... TO TESTIFY ON HIS OWN BEHALF, AT TRIAL. THIS RIGHT IS PERSONAL TO THE DEFENDANT AND "CANNOT" BE WAIVED "BY THE TRIAL COUR... OR BY DEFENSE COUNSEL. STRICKLAND-V-WASHINGTON, 104 S.CT 205... (1984) 14 AMEND. CONST.

DETERMINATION CONSTITUTE A DENIAL OF DUE COURSE OF L... IN VIOLATION OF ART. I §§ 13 AND 19. ART. IV § 112 OF T... TEXAS CONSTITUTION AND VIOLATION UNITED STATES CONSTITUT... AMENDMENT 6TH INEFFECTIVE ASSISTANCE OF COUNSEL.

10

...PROPERLY DOCUMENTED EVIDENCE THAT WAS EXPOSED DURING HIS STATE HABEAS HEARING IS VIOLATION OF THE DUE PROCESS LAW CONCERNING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, SUPPORTS MISSCARRIGE OF JUSTICE AND OBSTRUCTION OF JUSTICE THAT NEEDS TO BE CORRECTED BY THIS COURT. (SEE APPENDIX F)

PETITIONER WOULD REFERENCE (PAGE 114, LINES 12-23) OF THE HEARING TRANSCRIPT, SPECIFICALLY, WHERE IN MS. PEARSON HEREINAFTER REFERRED TO AS TRIAL COUNSEL, STATES THAT SHE "DOES NOT" REMEMBER TALKING TO RICHARD ELLISON, AND "DOES NOT" REMEMBER A CONVERSATION WHERE IN MR. ELLISON DISCUSSED WITH PETITIONER WHETHER OR NOT WE SHOULD TESTIFY ON HIS OWN BEHALF, PETITIONER WOULD ASSERT THAT THE HABEAS TRIAL COURT HAS PLACED MORE WEIGHT ON MR. ELLISON'S TESTIMONY AS TO HIS RECOLLECTION OF THE CONVERSATION, AS OPPOSED TO MS. PEARSON NOT RECALLING THE CONVERSATION OCCURRED, AND PETITIONER'S SWORN TESTIMONY DENYING SUCH A CONVERSATION TOOK PLACE. PETITIONER DID TESTIFY DURING THIS HEARING AND UNDER OATH STATED THAT HE "DID NOT" HAVE A CONVERSATION WITH MR. ELLISON REGARDING WHETHER OR NOT WE SHOULD TESTIFY. (EV. H. P. 192-196).

THE SUPREME COURT TEACHES THAT "THE DEFENDANT MUST SHOW THAT THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERROR, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. A REASONABLE PROBABILITY IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME." STRICKLAND, 466 AT 695, 104 S.CT 2052 (1984). ACCORD UNITED STATES -V- GRAMMAS, 376 F.3d 433, 436 (5TH CIR. 2004).

WHEN APPLYING THIS TEST ASSUME THAT THE COURT AND JURY FOLLOWED THE LAW AND WEIGHT THE ERROR IN LIGHT OF "THE TOTALITY OF THE EVIDENCE BEFORE THE JUDGE OR JURY." STRICKLAND, 466 US 695, 104 S.CT 2052. IN OTHER WORDS, MUST DETERMINE EXTENT TO WHICH MS. PEARSON ERROR'S HURT [SALINAS]. SMITH -V- DRETKE, 417 F.3d 438 (5TH CIR. 2005).

11

HABEAS CORPUS - 794.(1)

PETITIONER WHO RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO A PLEA COUNSEL'S FAILURE TO INFORM HIM OF STATE PLEA BARGAIN OFFER WAS ENTITLED TO HABEAS CORPUS RELIEF OR REINSTATEMENT OF ORIGINAL PLEA OFFER TO ALLOW PETITIONER TO REPLEAD.
U.S.C.A. CONST. AMEND. 6.

EX PARTE, LEMKE, 135 SW. 3d. 791 (TEX. CRIM. APP. 2000). THIS CASE IS EXACTULLY LIKE PETITIONER'S CASE, WERE DEFENDANT WAS DEPRIV-ED ON THE OPPORTUNITY TO ACCEPT A PLEA OFFER DUE TO DEFENSE COUNSEL'S INEFFECTIVE ASSISTANCE, PUTTING DEFENDANT IN THE POSITION HE WAS PRIOR TO THE SIXTH AMENDMENT VIOLATION ORDINARILY WILL INVOLVE RE-INSTATING THE ORIGINAL OFFER.
U.S.C.A. CONST. AMEND. 6.

CRIMINAL LAW - 641.13 (5)

HABEAS CORPUS - 898 (3)

STATES PLEA OFFER WAS NOT ASCERTAINABLE THROUGH EXERCISE OF REASONABLE, DILIGENCE AND THIS SUPREME COURT WAS NOT BARR-ED FROM ADDRESSING MERITS OF PETITIONER'S SUBSEQUENT APP-LICATION FOR WRIT OF HABEAS CORPUS ON GROUND THAT HIS TRIAL ATTORNEY DIDNOT INFORM HIM OF THE OFFER BY DISTRICT ATTORNEY DURING DELIBARATIONS OF GUILT/INNOCENE PAUSE OF TRIAL, THOUGH DISPOSITION OF HIS INITIAL APPLICATION WAS FINAL, WHERE RECORD SHOWS IN PETITIONER'S FIRST HABEAS CORPUS, HEAR-ING, THAT PETITIONER "DIDNOT" KNOW OF THE PLEA OFFER UNTIL THE HEARING PROCEEDING WHERE BEING HELD. (EV. H. P. 124-125).
VERNON'S ANN. TEXAS C.C.P. ART. 11.07 § 4

PETITIONER DIDNOT ECCEPT THE REINSTATE PLEA OFFER AT THE HABEAS HEARING BECAUSE, HIS TRIAL ATTORNEY TESTIFYED THAT SHE IN FACT WAS INEFFECTIVE ASSISTANCE OF COUNSEL AND THAT SHE IN FACT DID VIOLATED PETITIONER'S RIGHT TO TESTIFY. THE FACT THAT WAS PRESENTED TO THE HABEAS JUDGE, OMISSION THAT TRIAL ATTORNEY "DIDNOT" COMMUNICATE THE PLEA OFFER IS IN FACT VIOLATION OF THE 6 AMENDMENT CONSTITUTION OF THE UNITED STATES. AND NOT CONSIDERING THIS EVIDENCE IS MISCARRIGE OF JUSTICE'S ON PART OF THE HABEAS COURT AND THE COURT OF CRIMINAL APPEALS FOR DISSMISSING CASE NO: WR-73,707-04, UNDER NEWLY DISCOVERED EVIDENCE. STATUS QUO - SO THE SUBJECT, MATTER WILL NOT BECOME "MOOT".

12.

THE SUPREME COURT HAS EXPLAINED THAT A STATE COURT "APPLIES A DECISION AN IS "CONTRARY" TO ESTABLISHED FEDERAL LAW IN THE STATE HABEAS COURT APPLIES A RULE THAT CONTRADICTS THE GOVERNING LAW SET FORTH IN [THE SUPREME COURTS]", OR CONFRONTS FACTS THAT ARE MATERIALLY INDISTINGUISHABLE" FROM A RELEVANT SUPREME COURT PRECEDENT, YET REACHES AN OPPOSITE RESULT. WILLIAM, 529 U.S. AT 405-06.) WILSON-V-MAZZUCA, 570 F.3d 490 (2ND CIR. 2009). HARRINGTON-V-RICHTER, 131 S.CT 770, 785 (2011).

CONSTITUTIONAL LAW - 268(5)     HABEAS CORPUS - 864 (9)

THE HABEAS COURT OVER LOOKED FACTS THAT THE OMISSION THAT WAS NOT COMMUNICATED OF A PLEA OFFER BY PETITIONER'S ATTORNEY DURING STATE HABEAS PROCEEDING'S WAS IN FACT INEFFECTIVE ASSISTANCE OF COUNSEL. COLEMAN-V-THOMPSON, 501 U.S. 722, 749-50 (1999).
(SEE: APPENDIX-1)(E¢F)

PETITIONER SHOWS A SUBSTANTIAL 6TH AMENDMENT RIGHT DENIAL WHEN STATE HABEAS COURT HEARD EVIDENCE OF PETITIONER'S UNWAIVERING DESIRE TO TESTIFY AT TRIAL. PETITIONER SPECIFICALLY INFORMED HIS TRIAL COUNSEL (PEARSON) OF THIS REQUEST (EV. 110-116, 181-188). AT THE EVIDENTIARY HEARING PETITIONER MAINTAINED THAT HIS DESIRE TO EXERCISE HIS RIGHT TO TESTIFY ON HIS OWN BEHALF.(EV.185 TESTIMONY WHICH WAS SUPPORTED BY (PEARSON'S) OWN TESTIMONY. THE EVIDENCE SHOWS BY FAILING TO CALL HIM TO THE STAND, SHE REFUSED HIM THE RIGHT TO TESTIFY. BECAUSE OF THIS, PETITIONER WAS DENIED 6TH AMENDMENT RIGHT. IT IS CLEAR ON THE RECORD AND EVEN THE JUDGE'S ADMONISHING OF PEARSON.(EV. H. P. 181-182).

EX PARTE, SCOTT, 505 SW. 2d     (TEX. CRIM. APP. 1974).

THE STATE INTRODUCED ATTORNEY RICHARD ELLISON'S TESTIMONY THAT PETITIONER WAIVED HIS RIGHT TO TESTIFY AFTER CONFERRING WITH COUNSEL. MS. PEARSON ~~DOES~~ "DOES NOT" CORROBORATE THIS TESTIMONY AND TESTIFYED TO THE CONTRARY. ELLISON'S TESTIMONY SHOULD HAVE NOT BEEN USED TO ASSESS THIS CLAIM. HE WAS NOT PETITIONER'S ATTORNEY AND KNEW NO FACTS ABOUT THE CASE TO ADVISE PETITIONER NOT TO TESTIFY. HE WAS THERE FOR "MORAL SUPPORT"(EV. H, 29) AND ~~KNEW~~ NOTHING OF THE CASE.(EV. 12)

13

## CUMULATIVE ERROR

EACH OF PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, STANDING ALONE MERIT RELIEF. WITHOUT WAIVING CLAIMS FOR EACH ISSUE, PETITIONER ASK THIS COURT TO ALSO CONSIDER THE CUMULATIVE EFFECT COUNSEL'S DEFICIENCES HAD ON THE TOTALITY OF HER REPRESENTATION. WHITE-V-ROPER, 416 F.3d, 728 (8TH CIR 2004), HOLDING COUNSEL'S MANY DEFICIENCIES CUMULATIVELY PREJUDICED THE DEFENSE. STRICKLAND, 104 S.CT. 2052 (1984), COUNSEL'S DEFICIENCIES CUMULATIVE AS WELL AS INDEPENDENTLY PREJUDICED PETITIONER'S DEFENSE IN VIOLATION OF HIS 6TH AMENDMENT RIGHTS. RAMSEYER-V-WOOD, 64 F.2d 1432; 1434 (9TH CIR 1995).


## PRAYER FOR RELIEF

PETITIONER RESPECTFULLY PRAYS THAT THIS COURT GRANTS RELIEF. REVERSE THE JUDGEMENT OF THE COURT OF CRIMINAL APPEALS AND REMAND THIS CASE TO THE HABEAS TRIAL COURT FOR ADDITIONAL PROCEEDINGS, EITHER RE-TRY PETITIONER OR RE-INSTATE THE PLEA OFFER, AS THIS HONORABLE COURT'S RULING IS NEEDED ON THE MERITS IN THIS PETITION FOR REVIEW.

SUBMITTED
RESPECTFULLY

*Martin Salinas*
MARTIN SALINAS - PRO-SE

14

# CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THIS PETITION FOR REVIEW WAS SERVED ON RESPONDENT, THE COURT OF CRIMINAL APPEALS P.O. BOX 12308 CAPITOL STATION AUSTIN TX. 78711 BY U.S. MAIL ON JUNE 10, 2015

_Martin Salinas_
MARTIN SALINAS - PRO-SE
PETITIONER

15

# APPENDIX

TAB

A - ORDER ON REMAND WR-73,707-01 FROM COURT OF CRIMINAL APPEALS.

B - FINDING AND CONCLUSION OF HABEAS COURT.

(NOTICE)

C - SUBSEQUENT APPLICATION WR-73,707-04 OF 11.07 HABEAS CORPUS DISMISSED/DENIED MOTION FOR RECONSIDERATION/REHEARING

D - TRANSCRIPT OF HEARING PAGE 124 & 125 ON NEWLY DISCOVERED EVIDENCE

E - TRANSCRIPT OF HEARING PAGE 113, THRU 116 OMISSION OF VIOLATION OF PETITIONER'S RIGHT TO TESTIFY.

F - TRANSCRIPT OF HEARING PAGE 138 OF MR. ELLISON NOT BEING CO-COUNSEL, VIOLATION OF DUE PROCESS.

DOCUMENTS OF APPENDIX NOT AVAILABLE!

"PLEASE NOTE"

PETITIONER ASK HABEAS TRIAL COURT FOR COPYS AND BECAUSE OF BEING INDIGENT COULD NOT OBTAIN COPYS TO SEND RESPONDANT. MAY THE COURT OF CRIMINAL APPEAL FURNISH ITS OWN COPY OF THE ABOVE APPENDIX AS YOUR HONORABLE COURT ALL READY HAS THE ORIGINAL DOCUMENTS, THAT PETITIONER COULD NOT GET (APPENDIX - A THRU F)